Filed 11/25/20  P. v. Herrera CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY HERRERA,<br><br>    Defendant and Appellant. | B306718<br><br>(Los Angeles County<br>Super. Ct. No. LA028871) |

APPEAL from an order of the Superior Court of Los Angeles County, Emily S. Garcia Uhrig, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In June 1998, a jury convicted Michael Anthony Herrera of first degree residential burglary. In a subsequent court trial, the court found that Herrera suffered three prior convictions which qualified as strikes under the "Three Strikes" law. (Pen. Code, § 1170.12.)[1] Two of the prior convictions also qualified as five-year enhancements under section 667, subdivision (a)(1). In addition, one prior conviction qualified for a one-year enhancement under section 667.5, subdivision (b). The trial court sentenced Herrera to prison for 35 years to life.

Herrera appealed from the judgment of conviction. This court affirmed the judgment except that it remanded the case to the trial court to impose or strike the one-year enhancement. The trial court subsequently struck the one-year enhancement.

On February 7, 2020, Herrera filed a petition for resentencing pursuant to section 1618, subdivision (a). Herrera did not challenge his robbery conviction. He argued that when he pleaded guilty to the prior offenses he was not "aware that an offense would be used against him to strike him out with a 35 years to life sentence under any kind of future legislation." Herrera included a declaration stating that his prior strike convictions were based on no contest plea agreements.

The trial court summarily denied Herrera's petition because "[p]etitioner has identified no provisions in the plea agreements underlying his prior 'strike' convictions that purport to waive future benefits and thus, that implicate Penal Code section 1016.8."

Herrera appealed, and his appointed counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496,

---

[1] All statutory citations are to the Penal Code.

2

identifying no issues. Herrera filed a supplemental brief. In his supplemental brief, Herrera argues that he "was never given an opportunity nor advised of any direct consequences that defendant was abandoning all his rights of future laws that did not exist at that time in any plea colloquy instructions. Never did any statement during the plea colloquy instruction indicate appellant was agreeing to any fu[tu]re law and a 35 years to life sentence."

The order before us involves a denial of postconviction relief. We thus have no independent duty to review the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 ["[W]e reject the notion that the Constitution compels the adoption or extension of [*People v. Wende* (1979) 25 Cal.3d 436] procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel."].)[2] If a defendant files a supplemental brief, we are "required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)." (*Cole*, at p. 1040.)

Section 1016.8, effective January 1, 2020, provides in part: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Subdivision (b) provides: "A provision of

---

[2] The Supreme Court granted review in *People v. Cole* on October 14, 2020 (S264278).

a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." Section 1016.8 applies retroactively to all cases that are not yet final on appeal. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153.)

Herrera does not show that section 1016.8 applies retroactively to him given that his conviction was final when he filed his petition for resentencing. On the merits, section 1016.8 applies when a plea bargain requires a defendant to "waive unknown future benefits . . . ." (§ 1016.8, subd (a)(4).) As the trial court found, Herrera does not identify any plea bargain that required him to waive unknown future benefits. Additionally, although Herrera argues that when he pleaded to his strike convictions he did not know that they could be used to augment a future sentence, Herrera identifies no legislation that would have conferred a benefit on him.

## DISPOSITION

The trial court's order denying Herrera's petition for resentencing filed February 7, 2020 is affirmed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.

FEDERMAN, J.*

---

    * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.